UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 08-104

JEFFERSON DANIELS                           SECTION: R(1)

## ORDER AND REASONS

Before the Court is Jefferson Daniels's motion for the
return of property,[1] which the Court construes as a motion for
reconsideration pursuant to Federal Rule of Civil Procedure
60(b).  Because the Court finds that Daniels has not established
exceptional circumstances justifying relief, the Court DENIES the
motion.

## I.   BACKGROUND

On March 28, 2008, Tangipahoa Sheriff's Deputy Womack
stopped Daniels for a traffic violation on Interstate 55.[2]  Upon
receiving Daniels' consent, Womack searched the vehicle and
discovered a duffel bag containing a Ruger P94.9mm semi-automatic
handgun.[3]  Womack arrested Daniels for being a felon in
possession of a firearm.[4]  Daniels alleges that during the

---

[1]    R. Doc. 105.

[2]    R. Doc. 79 at 2.

[3]    *Id.* at 3.

[4]    *Id.*

traffic stop and subsequent arrest, Womack seized both the firearm and $16,700 in United States currency.[5]

While Daniels' criminal case was pending, the Drug Enforcement Agency (DEA) initiated administrative forfeiture proceedings for the $16,700. Using certified mail, return receipt requested, the DEA sent written notice of the seizure and proposed forfeiture to Daniels at the Tangipahoa Parish Jail as well as to a Cincinnati, Ohio address.[6] The DEA also published notice of the seizure and intended forfeiture in the Wall Street Journal on May 5, 2008, May 12, 2008, and May 19, 2008.[7] The government asserts that neither Daniels nor any other individual to whom notice was sent filed a claim of ownership to the seized funds. As a result, the DEA declared the funds forfeited to the United States on July 23, 2008.[8]

On August 26, 2008, Daniels was found guilty of being a convicted felon in possession of firearm,[9] and was subsequently sentenced to 100 months in prison. On appeal, Daniels' conviction was affirmed.[10]

---

[5]     R. Doc. 84 at 1.

[6]     R. Doc. 86-1, Ex. 1, Ex. 2.

[7]     R. Doc. 86-1, Ex. 11.

[8]     R. Doc. 86-1, Ex. 17.

[9]     R. Doc. 42-2.

[10]    R. Doc. 79.

On March 11, 2010, Daniels filed a Motion for Return of Property.[11]  The Court construed Daniels's motion as a civil action under 28 U.S.C. § 1331 and the Government's response as a motion for summary judgment.[12]  The Court granted summary judgment to the Government, finding that it lacked subject matter jurisdiction to consider Daniels's arguments because he failed to file a timely claim in an administrative forfeiture proceeding.[13] The Court also found that the administrative forfeiture proceeding comported with constitutional due process guarantees.

Daniels now files a "*Pro Se* Petition for the Return of Property."[14]  The Court construes Daniels's *pro se* motion liberally in his favor.  *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).  Because Daniels filed his motion more than ten days after the Court's earlier order, the Court construes Daniels's motion as a motion for reconsideration under Rule 60(b).  *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004)(motion for reconsideration filed more than days after dispositive order is treated as a Rule 60(b) motion).

---

[11]    R. Doc. 84.

[12]    R. Doc. 85.

[13]    R. Doc. 99.

[14]    R. Doc. 105.

## II.  DISCUSSION

A district court has broad discretion to grant or deny a motion under Rule 60(b).  *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998).  Under Rule 60(b), a court will grant relief from a final judgment or order only upon a showing of one of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason justifying relief from the operation of judgment.

Fed. R. Civ. P. 60(b).  The burden of establishing at least one of these reasons is on the moving party, and the determination of whether that burden has been met rests with the discretion of the Court.  *See Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910

F.2d 167, 173 (5th Cir. 1990).  Rule 60(b)(6) motions will be granted "only if extraordinary circumstances are present."  *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).

Without reference to his earlier motion, Daniels argues that the Court is not authorized to maintain possession of his property.[15]  Daniels does not advance any new arguments to support this contention.  The Court has already explained that Daniels's property was seized under administrative forfeiture proceedings, which are "conducted wholly outside the judicial system."[16]  In the absence of any new arguments, the Court finds that Daniels has failed to show "exceptional circumstances" that would justify relief under Rule 60(b)(6).

IV.  **CONCLUSION**

For the foregoing reasons, the Court DENIES Daniels's motion for reconsideration.

New Orleans, Louisiana, this 10th day of January, 2012.

_Sarah Vance_

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[15]    R. Doc. at 105.

[16]    R. Doc. 99 at 6.